UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| CHARLES CARR, | ) | |
| | ) | |
| Plaintiff, | ) | **2:24-CV-5** |
| | ) | |
| vs. | ) | |
| | ) | |
| WJHL CHANNEL 11 NEWS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed a pro se Complaint [Doc. 1], and a Motion [Doc. 2] to proceed *in forma pauperis*. On January 30, 2024, this Court ordered [Doc. 6] Plaintiff to file a completed Application to Proceed without prepayment of fees. For the sake of efficiency, the Court also performed the initial screening of Plaintiff's complaint that is required when litigants are granted permission to proceed without prepayment of fees. In doing so, the Court noted that Plaintiff had failed to provide a sufficient factual basis to support his claims but observed that he could potentially set forth a colorable claim for defamation if he provided a more fully developed factual basis for his claim.

Given that Plaintiff was representing himself, the Court found it appropriate to provide him with an opportunity to file an amended complaint to address the noted deficiencies in his Complaint, [Doc. 1], but required that any amended complaint be filed within the same thirty-day timeframe which was granted to him to file a completed Application to Proceed without prepayment of fees. [Doc. 6, p. 5]. Further, the Court placed Plaintiff on notice that if an amended Complaint was not filed within the thirty-day timeframe, this Court intended to recommend to the District Court that the Complaint be dismissed because it failed to state a claim upon which relief

could be granted. *Id.* More than thirty days have now passed but Plaintiff has filed nothing further with the Court.

I. *IN FORMA PAUPERIS* **MOTION**

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S. Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S. Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S. Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). In this case, Plaintiff has not paid the required filing fee, nor has he submitted the proper documents to proceed

*in forma pauperis*. Specifically, Plaintiff has not filed a certified copy of his inmate trust account. Accordingly, the undersigned recommends that Plaintiff's Motion [Doc. 2] be **DENIED**.

## II. COMPLAINT SCREENING

As noted in its previously entered Order [Doc. 6], when screening a plaintiff's complaint under these circumstances, a district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See also Neitzke v. Williams,* 490 U.S. 319 (1989). In determining whether the claims set forth in Plaintiff's complaint are frivolous and whether they are ones upon which relief may be granted, the Court will liberally construe Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18CV2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). The Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . ..'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

In this case, Plaintiff is a prisoner being housed in State Farm, VA, and he has filed suit against WJHL Channel 11 News, a television news station in Johnson City, TN. [Doc. 1]. Plaintiff

asserts claims of slander and defamation of character, alleging that the station "put me out as a child predator I was told." *Id.* at 2. He further states, "get the facts before you air something on TV. All I was trying to do was have someone checked out by 911 if they showed up." *Id.* Plaintiff requests $9,000,000.00 in damages and for his name to be cleared. *Id.*

The Court assumed in its previous Order [Doc. 6] for screening purposes that Plaintiff was attempting to bring a defamation claim under Tennessee law, a claim over which the Court could properly assert diversity jurisdiction. 28 U.S.C. §§ 1331, 1332(a) (providing that federal courts have jurisdiction over only those cases which arise under federal law or where there is statutory diversity, and to invoke diversity jurisdiction, plaintiffs must allege both that the matter in controversy exceeds $75,000.00 and that the parties are citizens of different states). Accordingly, the Court will consider Plaintiff's allegations in conjunction with Tennessee law governing defamation claims.

Under Tennessee law, a prima facie case of defamation is made by proving "(1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Bohler v. City of Fairview, Tennessee*, 429 F. Supp. 3d 477, 490 (M.D. Tenn. 2019), *aff'd sub nom. Bohler v. City of Fairview*, 828 Fed. Appx. 281 (6th Cir. 2020) (citing *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 50 (Tenn. Ct. App. 2013)). Further, "a slander action involves spoken defamation." *Quality Auto Parts Co. v. Bluff City Buick*, 876 S.W.2d 818, 821 (Tenn. 1994).

In his Complaint, Plaintiff refers to defamatory and slanderous statements made by Defendant, but he does not state whether Defendant made written or verbal statements or both. The Court presumes that at least some of the purported statements were verbal because Plaintiff

4

alleges that they were made "on TV." Plaintiff does not say when the statements were purportedly made nor does he describe the content of the statements in sufficient detail for them to be considered by the Court, other than to say that Defendant "put [him] out as a child predator." Although Plaintiff indicates that he is currently in prison, he does not state whether he was convicted for any crime related to the allegedly defamatory statements made or published by Defendant. Further, Plaintiff references making a 911 call but provides no details to explain why that fact is relevant. Moreover, it appears that Plaintiff did not even hear or see the complained of statements himself but is instead relying solely on hearsay as to what was said. Without more, the Court must conclude that Plaintiff has failed to set forth a viable claim.

### III. CONCLUSION

For reasons stated above, this Court **RECOMMENDS** that Plaintiff's Motion [Doc. 2] seeking leave to proceed *in forma pauperis* be **DENIED** and that his Complaint [Doc. 1] be **DISMISSED**.

This matter is now presented to the District Judge upon this Report and Recommendation under the authority of *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990), wherein the Court states that such matters proceed to a district judge for examination after a magistrate judge has evaluated the petition to proceed *in forma pauperis*.[1]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).